**Harpreet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71489.

Agency No. A76–849–046.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Randhir S. Kang, Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Virginia Lum, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Harpreet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review, and remand for further proceedings.

By contending that no adverse credibility determination was made, Singh's brief misstates the content of the BIA and IJ decisions. While this error bespeaks troubling neglect of the record by counsel, we retain discretion to review the issue of credibility "because the government briefed it, and thus suffers no prejudice from Singh's failure to properly raise the issue." *Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004). Reviewing the grounds supporting the adverse credibility finding for substantial evidence, *see Mendoza Manimbao v. Ashcroft,* 329 F.3d 655,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

658 (9th Cir.2003), we conclude that this standard is not met.

We require specific explanations of why adverse credibility grounds are significant. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000). The IJ, whose findings the BIA adopted, did not adequately explain why Singh's trip to Thailand "undercuts" his credibility, particularly given Singh's plausible explanation. *See Chen v. Ashcroft*, 362 F.3d 611, 620 (9th Cir.2004).

Second, the IJ's reliance on the omission of treatment details in a corroborating letter by Singh's doctor was impermissible. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002) ("As the doctor's letter is not inconsistent with Singh's testimony, it cannot serve as the basis for the . . . adverse credibility determination."). Similarly, the gurudwara letter's failure to mention Singh's first arrest is an inadequate basis for impugning his credibility.

Third, there is no inconsistency between Singh's father's affidavit, stating that the police "disposed of [Singh's uncle's] body," and Singh's testimony that his aunt found the body. *See id.* The omission of this detail from Singh's declaration is also "insufficient to uphold an adverse credibility finding." *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000).

Fourth, the IJ's conjecture concerning what the police did with the uncle's body and whether Singh's parents would have been interrogated cannot constitute substantial evidence. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996).

Fifth, the IJ's disbelief of Singh's recounting of his first arrest does not support the credibility finding because Singh's explanation of why only some AISSF members were arrested is plausible. *See Chen*, 362 F.3d at 620. Moreover, the IJ's reference to "normal police procedure" is speculative, *see Lopez–Reyes*, 79 F.3d at 912, and his attachment of significance to

Singh's "first indicat[ion] that he didn't know what had happened to the other three . . . arrested with him" appears to be based on a misapprehension of testimony that cannot detract from Singh's credibility. *See He v. Ashcroft*, 328 F.3d 593, 600 (9th Cir.2003).

Sixth, while we permit "the use of a country report to discredit a general assertion made by an applicant regarding the context in which his alleged persecution took place," the refuted assertion must go to the heart of a petitioner's claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–44 (9th Cir.2001). Here, the IJ's reference to generalizations about Sikhs' standing in India is not sufficiently tailored to Singh's claim to uphold an adverse credibility finding against him. *See Shah*, 220 F.3d at 1069 (proscribing reliance on "descriptions about the circumstances people like the applicant have faced, or will face, in their countries of origin" for purposes of individualized adverse credibility determinations).

Finally, the IJ's requirement that Singh's uncle's death be corroborated was erroneous in the "absence of substantial evidence showing that such documentation was 'easily available.'" *Id.* at 1070 (citation omitted).

The BIA adopted the IJ's alternative conclusion that if Singh's testimony were credible it would have been sufficient to establish past persecution on account of imputed political opinion. We therefore remand this matter for further proceedings to determine whether, accepting Singh's testimony as credible and his establishment of past political persecution, he is eligible for asylum and withholding of removal. *See He*, 328 F.3d at 603–04.

**PETITION FOR REVIEW GRANTED; REMANDED.**