* This panel unanimously finds this case suitable for decision without oral argument. See

Singh also contends that the BIA should have informed her of possible eligibility for repapering. Although the government argues that Singh did not exhaust this claim, she became eligible for repapering after filing her motion to reconsider. Exhaustion was therefore not possible, as petitioners are limited to one motion to reconsider. *See* 8 U.S.C. § 1229a(c)(5)(A).

The regulation Singh cites to support her contention does not apply, as it no longer existed at the time of the BIA's decision. The current equivalent is 8 C.F.R. § 1240.11(a)(2), which addresses an IJ's obligations. In any event, Singh's reasoning is unavailing. Informing petitioners of apparent eligibility for relief is mandatory for IJs, not the BIA. *See Valderrama–Fonseca v. INS*, 116 F.3d 853, 857 (9th Cir.1997).

**PETITION FOR REVIEW DENIED.**

**Khadija Mahamud JUMA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70832, A79–290–718.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

Fed. R.App. P. 34(a)(2).

Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Khadija Mahamud Juma petitions for review of the Board of Immigration Appeals' ("BIA's") affirmance of the Immigration Judge's ("IJ's") denial of her application for asylum.[1] We deny the petition because we conclude that Juma waived the issue on appeal.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Although the IJ granted Juma's application for withholding of removal to Somalia, he denied her application for asylum and for withholding of removal to Kenya. *See INS v. Aguirre–Aguirre*, 526 U.S. 415, 419, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) ("[W]ithholding only bars deporting an alien to a particular country or countries"). The BIA affirmed the denial of asylum and withholding of removal to Kenya in a final order, and we therefore have jurisdiction over this petition for review.

Although we have jurisdiction, we deny the petition. Initially, Juma petitioned for review of the mandatory denial of her application for asylum due to her alleged firm resettlement in Kenya. *See* 8 U.S.C. § 1158(b)(2)(A)(vi). However, the

Karen Alicia Davis, Attorney at Law, Oakland, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Juma does not petition for review of the IJ's denial of her application for withholding of removal to Kenya.

BIA did not affirm the IJ's *mandatory* denial of asylum, but rather affirmed the IJ's *discretionary* denial of Juma's application for asylum. "Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision." *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). "[T]his court cannot affirm the BIA on a ground upon which it did not rely." *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000).

Juma failed to petition for review of the BIA's affirmance of the IJ's discretionary denial of asylum and thus waived the issued. *See Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004) ("Issues not raised in an appellant's opening brief are typically deemed waived."). Juma then attempted to correct her error by arguing the proper issue in her reply brief. However, "[i]t is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996) (internal quotation marks omitted) (second alteration in original).

█ Even had Juma not waived the issue, we would deny the petition. The BIA did not abuse its discretion by denying Juma's application for asylum on discretionary grounds. *See Lopez–Galarza v. INS,* 99 F.3d 954, 960 (9th Cir.1996) (setting forth standard of review). Juma had safely resided in Kenya for nine years prior to her arrival in the United States, the majority of her family still remains in Kenya, she did not have any family or connections in the United States, and she entered the United States fraudulently without attempting to follow orderly refugee procedures in the United States or in Kenya. *See Andriasian v. INS,* 180 F.3d

1033, 1040 (9th Cir.1999); *Matter of Pula,* 19 I & N Dec. 467, 473–74 (BIA 1987). Juma failed to meet her "burden of establishing that the Board should exercise discretion in [her] favor." *Ajayi v. INS,* 28 F.3d 104, *1 (9th Cir.1994).

PETITION DENIED.