**Hardeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–70867.**

United States Court of Appeals, Ninth Circuit.

---

\* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the

Submitted Feb. 13, 2004.**

Filed March 18, 2004.

proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Madan Ahluwalia, Ahluwalia Law Offices, San Francisco, CA, on behalf of petitioner Hardeep Singh.

Robert D. McCallum, Jr., Assistant Attorney General, Linda S. Wendtland, Assistant Director, and Edward C. Durant, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, on behalf of respondent John Ashcroft.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

## OPINION

TALLMAN, Circuit Judge.

Hardeep Singh petitions for review of the BIA's dismissal of his appeal from the denial of his applications for asylum, withholding of deportation, and protection under the Convention Against Torture. Because the BIA properly dismissed Singh's appeal, his petition is denied.

I

Singh, a native and citizen of India, illegally entered the United States on August 15, 1998. On March 22, 1999, the Immigration and Naturalization Service served Singh with a Notice to Appear in removal proceedings. On April 13, 1999, Singh,

represented by counsel, conceded that he met the criteria for removal. However, he sought relief from removal, alleging both past persecution in India on account of his father's political affiliations and a well-founded fear of future persecution if compelled to return.[1] On May 7, 2001, the Immigration Judge (IJ) denied Singh's claims, finding them meritless, and ordered him removed to India.

On May 19, 2001, Singh filed his Notice of Appeal with the BIA. On the front of this Notice ("Form EOIR–26"), he indicated the following grounds for appeal:

The Immigration Judge improperly denied the Respondent's claim having given undue weight to minor inconsistencies in the testimony, by failing to consider proper and consistent testimony. Thereby the IJ committed errors of law and fact. The exact reasons will be cited in the Appellate brief.[2]

The following instructions appear directly above the section of the form where Singh listed these grounds:

**State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**
**WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

(Emphasis in original). On the reverse side of the form, Singh indicated that he intended to "file a separate written brief or statement in addition to the 'Reason(s) for Appeal' written above. . . ." The following warning appears immediately below this indication:

**WARNING:** Your appeal may be summarily dismissed if you indicate . . . that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

(Emphasis in original). Singh signed and dated the form directly below this warning.

The BIA notified Singh that his brief was due on January 14, 2002. However, he neither filed a brief nor offered an explanation for his failure to do so. On April 3, 2002, the BIA dismissed Singh's appeal. This petition ensued.

## II

Because this case was initiated after the effective date of the new judicial review provisions set forth in the Illegal Immigration Reform and Immigrant Responsibility

---

1.  The specific facts underlying Singh's claim are not relevant to our disposition.

2.  Singh does not argue that this terse description of his grounds for appeal was adequately specific to avoid summary dismissal. In any event, it clearly was not. As we noted in *Toquero v. INS:*

"Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested."

956 F.2d 193, 195 (9th Cir.1992) (emphasis omitted) (quoting *Matter of Valencia*, Interim Decision, 1986 WL 67713 (BIA 1986)); *accord Casas–Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir.2002). The meager description of the grounds for appeal set out by Singh in his Form EOIR–26 did not satisfy this specificity requirement.

Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996), we have jurisdiction under § 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1).

## A

As a threshold matter, we must determine whether the BIA dismissed Singh's appeal on procedural or substantive grounds. The BIA's Order explicitly states that the Board found summary dismissal "appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D)." The relevant language from that regulation provides:

> A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which: ... The party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.

8 C.F.R. § 1003.1(d)(2)(i)(E) (formerly 8 C.F.R. § 3.1(d)(2) (i)(D)).

We note, however, that the BIA's Order also states that "upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error." Thus, it is not clear whether the BIA adopted the IJ's decision or based its dismissal on the purely procedural grounds set out in 8 C.F.R. § 3.1(d)(2)(i)(D). If the former is the case, we have jurisdiction to review the IJ's decision on the merits. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 680 (9th Cir. 2003). If the latter is the case, our jurisdiction is limited to reviewing the BIA's summary dismissal. *See Elnager v. INS*, 930 F.2d 784, 787 (9th Cir.1991) ("[T]his court's review is limited to the decision of the BIA."). We conclude that the BIA dismissed Singh's appeal solely on procedural grounds.

The Seventh Circuit recently addressed a virtually identical situation in *Awe v. Ashcroft*, 324 F.3d 509 (7th Cir.2003). Just like Singh, Awe indicated that he would file a brief, but did not. The BIA's dismissal of Awe's appeal both cited § 3.1(d)(2)(i)(D) and stated that "upon review of the record" the BIA was "not persuaded that the Immigration Judge's resolution of this case was in error." *Id.* at 512.

In his brief to the Court of Appeals, Awe did not address the § 3.1(d)(2)(i)(D) issue; instead, he argued only that the BIA's "decision on the merits"—presumably referring to the BIA's "upon review of the record" statement—was "woefully inadequate." *Id.* However, the Seventh Circuit rejected Awe's characterization of the BIA's disposition as "on the merits":

> If, as Awe suggests, the BIA intended [the "upon review of the record"] statement alone to serve as a determination on the merits, we would likely find such a decision inadequate. But without speculating as to what exactly the BIA meant by this particular sentence in Awe's case, we conclude that the BIA's concentration in the rest of its opinion on its reasons for dismissing the case under § 3.1(d)(2)(i)(D) indicates that it was not making a determination on the substantive merits of Awe's case.

*Id.* at 513–14 (citation omitted). The *Awe* court accordingly determined that it lacked jurisdiction to consider the merits of Awe's claim. *See id.* at 514.

We find the *Awe* court's reasoning convincing and reach the same conclusion here. Although the ambiguity in the BIA's Order is of the Board's own creation, it is not grave. Singh's appeal was explicitly denied pursuant to § 3.1(d)(2)(i)(D). The language in the Order alluding to the IJ's decision does not announce the basis for the Board's disposition. When § 3.1(d)(2)(i)(D) is invoked, as

it explicitly was here, the BIA dismisses the appeal for purely procedural reasons. The specific procedural infirmity that justifies a summary dismissal pursuant to § 3.1(d)(2)(i)(D)—failure to file a brief, or explain the failure to do so, within the time set for filing—is evident without considering the merits of the appeal. It makes no sense to suggest that the BIA would recognize that summary dismissal is appropriate, but nevertheless review the merits of the procedurally infirm appeal.

Our jurisdiction is therefore limited to reviewing the BIA's summary dismissal of Singh's appeal.

### B

■■ The next question is whether the summary dismissal of Singh's appeal was appropriate.[3] "This court has not specifically articulated a standard for reviewing summary dismissals. Instead, [we] review[ ] summary dismissals to determine whether they are appropriate." *Casas–Chavez*, 300 F.3d at 1089 (citation omitted).

The BIA is authorized to summarily dismiss an appeal where the petitioner "indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E) (formerly 8 C.F.R. § 3.1(d)(2)(i)(D)). In cases where the petitioner's description of the grounds for appeal in the Notice of Appeal lacks the requisite specificity, we have consistently upheld the BIA's exercise of this authority. *See, e.g., Toquero*, 956 F.2d at 196. Singh's case does not merit different treatment.[4]

### III

The BIA simply cannot evaluate the merits of an appeal unless the petitioner clearly expresses what he considers to be the factual and/or legal inadequacies of the IJ's challenged decision. Because Singh failed to do so, summary dismissal by the BIA was warranted.

**PETITION FOR REVIEW DENIED.**

---

**3.** All of the substantive arguments in Singh's brief are devoted to attacking the IJ's denial of his applications; he offers no reason for us to review the BIA's summary dismissal of his appeal. Issues not raised in an appellant's opening brief are typically deemed waived. *See Balser v. Dept. of Justice*, 327 F.3d 903, 911 (9th Cir.2003); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996). However, we have discretion to review the appropriateness of the summary dismissal because the government briefed it, and thus suffers no prejudice from Singh's failure to properly raise the issue. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir.2003).

**4.** Although Singh asserts in his brief that there is an "equitable remedy" available to petitioners whose appeals are dismissed pursuant to § 3.1(d)(2)(i)(D), he cites no authority for this vague proposition and we have found none.