**Andre MIRZAYANTS; Armenuhi Nazaryan, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74246.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Andre Mirzayants, a native of Iran and citizen of Armenia, and his wife, Armenuhi Nazaryan, a native and citizen of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Petitioners contend that the BIA's summary affirmance process violates due process. This contention is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003), where we held that the BIA's streamlining procedure does not violate due process.

Petitioners also argue that the summary affirmance process was improper in this

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

case because the IJ did not consider 'new evidence' that 800 people attended a political rally instead of 100 people. We disagree. The IJ stated four times in her decision that the petitioner's witness testified that 800 people attended the rally. Moreover, this argument is foreclosed by *Falcon Carriche* because a review of the streamlining decision is unnecessary and duplicative since we have jurisdiction to review the merits of the IJ's underlying decision. *See id.* at 855.

Because petitioners fail to raise any arguments with regard to asylum, withholding of removal, and the CAT claim, petitioners have thus waived the issues. *See Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.