Armen Spartakovich **ARZUMANYAN;** et al., Petitioners,

v.

Alberto **GONZALES,*** Attorney General, Respondent.

No. 03–74812.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gor Armenovich Arzumanyan and Hayk Armenovich Arzumanyan, Los Angeles, CA, for Petitioner.

---

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Pennsylvania Ave., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

## MEMORANDUM ***

Lead petitioner Armen Spartakovich Arzumanyan, his wife and two minor children, natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's order as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and deny the petition for review.

Although Arzumanyan failed to address the adverse credibility determination in his opening brief, we nevertheless reach the issue "because the government briefed it, and thus suffers no prejudice from [Arzumanyan's] failure to raise the issue."

*Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004).

■ Substantial evidence supports the agency's adverse credibility determination because Arzumanyan's testimony regarding whether a controversial film produced by Arzumanyan was indeed broadcast on national television was materially inconsistent with his asylum application, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1151–52 (9th Cir.1999), and his testimony concerning his alleged second detention was internally inconsistent, *see id.* Moreover, substantial evidence supports the adverse credibility finding based on the implausibility of Arzumanyan's testimony, *see id.* at 1152–53, and a key omission in his application regarding an alleged second encounter with government officials, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) (affirming adverse credibility determination based, in part, on key omissions from asylum applications).

■ Because Arzumanyan failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Arzumanyan also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if he returned to Armenia. *See* 8 C.F.R. § 208.16(c)(2); *Farah,* 348 F.3d at 1157.

PETITION FOR REVIEW DENIED.