Fransisca Vita SETYA, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

Nos. 03–72308, 03–74562.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2005.**

Decided May 24, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Jonathan F. Potter, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, SILVERMAN, and BEA, Circuit Judges.

## MEMORANDUM ***

Fransisca Vita Setya petitions for review of the decision of the Board of Immigration Appeals ("BIA") reversing the decision of the Immigration Judge ("IJ") and finding petitioner ineligible for asylum from Indonesia on the basis of a well-founded fear of persecution on account of her Chinese ethnicity. The IJ initially found petitioner was eligible for asylum on the basis of a well-founded fear of persecution on account of both her ethnicity and religion. Petitioner also petitions for review of the BIA's denial of petitioner's motions for reconsideration and to reopen. We have jurisdiction under 8 U.S.C. § 1252.[1] We grant the petition for review.

The parties are familiar with the facts and we do not recite them here except as necessary for our disposition.

1. Because the BIA reviewed the IJ's decision *de novo*, we review the BIA's

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government contends our jurisdiction is limited to the BIA's denial of petitioner's motion for reconsideration because petitioner did not petition for review from the BIA's denial of her application for asylum. The government is mistaken. "The petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The BIA denied peti-

tioner's motions for reconsideration and to reopen on November 11, 2003, and petitioner filed a petition for review on December 12, 2003, within the thirty-day window. The BIA denied petitioner's application for asylum on May 19, 2003, and petitioner filed a petition for review from that decision on June 16, 2003, also within the thirty-day window. Thus, this court has jurisdiction to review both the denial of petitioner's motions for reconsideration and to reopen and her application for asylum.

denial of petitioner's application for asylum under the substantial evidence standard. *Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004). The BIA's decision must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court can reverse "only if the evidence presented by [the petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.; see id.* n. 1 ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . .") (emphasis in original).

■ We conclude substantial evidence does *not* support the BIA's conclusion that petitioner did not establish eligibility for asylum on the basis of a well-founded fear of future persecution on account of her ethnicity.[1] To the contrary, the evidence in the record compels the conclusion that petitioner established a well-founded fear of future persecution[2] by showing she has "a subjectively genuine and objectively reasonable fear" of future persecution in Indonesia. *See Singh v. Ashcroft,* 134 F.3d 962, 966 (9th Cir.1998).

Petitioner testified she fears being beaten, raped, or killed because of her ethnicity if she is removed to Indonesia. In the absence of a credibility finding, such testimony compels the conclusion that petitioner satisfied the subjective element of a

well-founded fear of future persecution. *See Singh,* 134 F.3d at 966.

Based on our previous decisions in *Sael* and *Lolong v. Gonzalez,* 400 F.3d 1215 (9th Cir.2005), we also hold the evidence compels the conclusion petitioner satisfied the objective element of a well-founded fear of future persecution. Under the "disfavored group" theory announced in *Sael,* petitioner established she was a member of a disfavored group in Indonesia because petitioner is ethnic Chinese. *See* 386 F.3d at 927. Further, although petitioner did not present direct evidence showing she was individually targeted for persecution on account of her ethnicity or religion, petitioner can also establish the requisite "individualized risk of being singled out for persecution," *see id.* at 925, by showing she is a Christian and a woman, two sub-groups at greater risk of persecution in Indonesia than the ethnic Chinese population as a whole. *See Lolong,* 400 F.3d at 1221. Here, petitioner is Christian and is a woman, and is thus a member of two sub-groups facing a greater individualized risk of persecution in Indonesia.

Moreover, the documentary evidence submitted by petitioner shows the same volatile country conditions in Indonesia, especially dangerous to ethnic Chinese Christian women, which we discussed at length in *Sael* and *Lolong.* We reject the BIA's finding that these country conditions are lessened because the Indonesian "government is working to reduce racial tension." As we stated in *Lolong,* "[the] evi-

---

1. We have previously recognized "the term ethnicity describes a category which falls somewhere between and within the protected grounds of race and nationality." *Baballah v. Ashcroft,* 367 F.3d 1067, 1077 (9th Cir.2004).

2. Substantial evidence supports the BIA's conclusion petitioner did not establish eligibility for asylum on the basis of past persecution. The various discriminatory and harassing incidents suffered by petitioner were not

so severe as to constitute persecution (*e.g.,* none of them resulted in physical injury or extreme emotional distress). *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive. . . . Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution.' ").

dence of the government's *willingness* to control the perpetrators of ethnic and religious violence in Indonesia fails to rebut the overwhelming evidence of the government's *inability* to control those forces." 400 F.3d at 1224–25 (emphases in original).

We recognize that unlike the petitioner in *Lolong*, petitioner here testified she has a 23–year–old sister still living in Indonesia and presented no evidence her sister had been subjected to harm there. The absence of such evidence could undermine petitioner's claim of a well-founded fear of persecution. *See Hakeem v. I.N.S.*, 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident."). Yet the BIA did not raise this distinction in its decision, instead relying solely upon its finding the Indonesian "government is working to reduce racial tension." Thus, the fact that petitioner has a 23–year–old sister still in Indonesia does not support the BIA's decision because the BIA did not rely upon it. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir.2004) ("this court cannot affirm the BIA on a ground upon which it did not rely.").

Accordingly, under the "disfavored group" theory announced in *Sael* and *Lolong*, the evidence compels the conclusion petitioner established a well-founded fear of future persecution and is thus eligible for asylum. We grant the petition for review on this issue and remand so that the Attorney General may exercise his discretion whether to grant asylum.[3]

 2. We also agree with petitioner that the BIA abused its discretion in denying petitioner's motion for reconsideration. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004). Petitioner applied for asylum in part on the basis of religion, presented evidence and testimony in support of that claim, and the IJ found petitioner was eligible for asylum on the basis of ethnicity *and* religion. The BIA reversed the IJ's finding on the basis of ethnicity, but made no mention of petitioner's asylum claim based on religion. Petitioner raised the oversight in her motion to reopen, but the BIA again ignored the claim in denying the motion. The BIA thus abused its discretion in denying petitioner's motion for reconsideration because the BIA failed to consider petitioner's asylum claim on the basis of religion. *See Arrozal v. I.N.S.*, 159 F.3d 429, 432 (9th Cir.1998) (the BIA abuses its discretion if it "fails to state its reasons and show proper consideration of *all* factors when weighing equities and denying relief."). Accordingly, we grant the petition for review on this issue, vacate the BIA's order denying the motion for reconsideration, and remand to the BIA for it to consider whether petitioner is eligible for asylum on the basis of religion.[4]

PETITION FOR REVIEW GRANTED; REMANDED.

---

3. Petitioner abandoned her withholding of removal claim when the IJ granted asylum and does not assert in her opening brief that she is entitled to relief under the Convention Against Torture. Thus, petitioner waived both of those issues and we do not reach them. *See Singh v. Ashcroft*, 361 F.3d 1152; 1157 n. 3 (9th Cir.2004); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004).

4. Because we grant the petition for review on petitioner's motion for reconsideration, we need not consider whether the BIA abused its discretion in denying petitioner's motion to reopen.