Juana Campos GALVAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 02–72577.

Agency No. A75–632–016.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Albert C. Lum, Esq., Law Offices of Albert C. Lum, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan Houser, Esq., Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Juana Campos Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her removal proceedings, in which she applied for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

To the extent that Campos Galvan failed to challenge the BIA's denial of reconsideration in her opening brief, we retain discretion to review the order, "because the government briefed [the issue of timeliness], and thus suffers no prejudice from [Campos Galvan's] failure to properly raise the issue." *Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004).

The BIA abused its discretion by treating Campos Galvan's motion to reopen as a motion to reconsider, where the motion was supported by new and material evidence including, it appears, documentation submitted on July 1, 2002. *See* 8 C.F.R. § 1003.2(b)(1); *Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003) ("It is implicit in subsection (b)(1) that the BIA will reconsider the party's case using the same record evidence used in making its prior decision."). In adding that Campos Galvan "has presented no new, previously undiscoverable material facts to support a motion to reopen," the BIA also failed to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

satisfy our requirements for evaluating a motion to reopen. *See Mohammed v. Gonzales,* 400 F.3d 785, 792–93 (9th Cir. 2005) ("We have held that the BIA must issue a decision that fully explains the reasons for denying a motion to reopen.... [T]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner."). We therefore remand this matter for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In light of our disposition, we need not address Campos Galvan's remaining contentions.

PETITION FOR REVIEW GRANTED; REMANDED.

Judge Rymer dissents from this disposition.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.