Virginia Eloisa THOMAS; Jorge Eric Thomas Franco, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72701.

Agency Nos. A70–936–663, A70–936–664.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Scott K. Kawamura, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert M. Loeb, H. Thomas Byron, III, DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Virginia Eloisa Thomas and Jorge Eric Thomas Franco, married natives and citizens of Panama, petition for review of the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings for the purpose of applying for adjustment of status. We grant the petition for review and remand for further proceedings.

The government contends that petitioners have waived any challenge to the BIA's application of a statutory bar to relief for those who fail to comply with a voluntary departure order. We retain discretion to review one aspect of this issue, however, "because the government briefed it, and thus suffers no prejudice from [the petitioners'] failure to properly raise the issue." *Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004).

The government also contends that "[i]t is irrelevant that the Board's order denying reopening referred to the current version of the statute." Reviewing the BIA's decision for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), we disagree. The BIA not only cited the incorrect statute, but also applied 8 U.S.C. § 1229c(d)'s notice requirement to conclude that "[t]he consequences of [their] failure ... to depart [voluntarily] were explained to [each] respondent in our order [of January 14, 2003]." This conclusion was erroneous; in fact, the BIA's prior orders made no such statements about consequences.

The applicable statutory provision, former 8 U.S.C. § 1252b(e)(2)(B), contained notice requirements that are distinct from those of the current statute. The BIA failed to apply the proper requirements to this case. *Cf. Lahmidi v. INS,* 149 F.3d 1011, 1015 (9th Cir.1998) ("[T]he five year exclusion set forth in subsection (e) is not effective unless the alien was given the proper notice under subsection (a)(2) as well as oral notice."). We therefore re-

* This panel unanimously finds this case suitable for decision without oral argument. *See*

mand for further proceedings, as "[b]y remanding the motion to reopen and thereby allowing the Board to evaluate [it] under the correct legal standard, we pay due respect to Congress's decision to entrust this initial determination to the Board." *Azanor v. Ashcroft,* 364 F.3d 1013, 1021 (9th Cir.2004).

In light of our disposition, we need not address petitioners' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**