**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10197 |
| Plaintiff - Appellee, | D.C. No. CR 05-02021-DCB-BPV-1 |
| v. | |
| MARIO CARRASCO-CHAIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 10, 2010
San Francisco, California

Before:  FERNANDEZ, GRABER, and McKEOWN, Circuit Judges.

Defendant Mario Carrasco-Chairez appeals his conviction for illegal reentry

in violation of 8 U.S.C. § 1326.  For the following reasons, we affirm.

1.  Reviewing de novo, United States v. Mosley, 465 F.3d 412, 414-15 (9th

Cir. 2006), we hold that sufficient evidence supported the conviction.  A

reasonable juror could have concluded that Defendant was free from official

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

restraint in the approximately thirteen-minute period between his entry into the country and his interview with the testifying government agent. See United States v. Bello-Bahena, 411 F.3d 1083, 1087 (9th Cir. 2005) (reaching the same conclusion on similar facts).

2. As Defendant's lawyer conceded at oral argument, Defendant did not challenge, on appeal, the district court's refusal to give a jury instruction on official restraint. We therefore deem that issue waived. See Singh v. Ashcroft, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

3. We decline to reach the ineffective assistance of counsel claim raised in Defendant's opening brief. See United States v. Daychild, 357 F.3d 1082, 1094-95 (9th Cir. 2004) (holding that ineffective assistance of counsel claims ordinarily are not reviewed on direct appeal).

4. Reviewing de novo, United States v. Proa-Tovar, 975 F.2d 592, 594 (9th Cir. 1992) (en banc), we hold that the district court properly denied Defendant's collateral attack on the 2005 deportation order. Defendant cannot establish prejudice from the expedited procedure. See id. at 595 (holding that a defendant must establish prejudice to prevail in a collateral challenge to a removal order).

**AFFIRMED**.

FILED

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

United States v. Carrasco-Chairez, No. 09-10197

GRABER, Circuit Judge, concurring:

I concur in full in the memorandum disposition. I write separately to state my view that, had Defendant raised the jury instruction issue on appeal, I would vacate the conviction and remand. Our decision on this point in United States v. Bello-Bahena, 411 F.3d 1083, 1088-91 (9th Cir. 2005), controls.