MEMORANDUM *
Defendant Mario Carrasco-Chairez appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326. For the following reasons, we affirm.
1. Reviewing de novo, United States v. Mosley, 465 F.3d 412, 414-15 (9th Cir.2006), we hold that sufficient evidence supported the conviction. A reasonable juror could have concluded that Defendant was free from official restraint in the approximately thirteen-minute period between his entry into the country and his interview with the testifying government agent. See United States v. Bello-Bahena, 411 F.3d 1083, 1087 (9th Cir.2005) (reaching the same conclusion on similar facts).
2. As Defendant’s lawyer conceded at oral argument, Defendant did not challenge, on appeal, the district court’s refusal to give a jury instruction on official restraint. We therefore deem that issue waived. See Singh v. Ashcroft, 361 F.3d 1152, 1157 n. 3 (9th Cir.2004) (“Issues not raised in an appellant’s opening brief are typically deemed waived.”).
3. We decline to reach the ineffective assistance of counsel claim raised in Defendant’s opening brief. See United States v. Daychild, 357 F.3d 1082, 1094-95 (9th *723 Cir.2004) (holding that ineffective assistance of counsel claims ordinarily are not reviewed on direct appeal).
4. Reviewing de novo, United States v. Proa-Tovar, 975 F.2d 592, 594 (9th Cir.1992) (en banc), we hold that the district court properly denied Defendant’s collateral attack on the 2005 deportation order. Defendant cannot establish prejudice from the expedited procedure. See id. at 595 (holding that a defendant must establish prejudice to prevail in a collateral challenge to a removal order).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.