NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> **ANTONIO TRUJILLO, AKA Lil Wicked**, <br><br> Defendant - Appellant. | No. 08-50466 <br><br> D.C. No. 2:08-cr-00503-GAF-1 <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted June 10, 2010
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **RAWLINSON**, Circuit Judge and
**BENNETT**, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, U.S. District Judge for the Northern District of Iowa, sitting by designation.

The district court gave three alternative grounds for imposing two additional criminal history points under U.S.S.G. § 4A1.1(d). The defendant challenged only one ground in his opening brief, and so challenges to the others are waived. See Rodriguez v. Hayes, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010) ("[F]ailure of a party in its opening brief to challenge an alternate ground for a district court's ruling given by the district court waives that challenge." (emphasis omitted)); see also Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1110 n.1 (9th Cir. 2000) (en banc). Even if the government's mention of these alternate grounds in its response brief could be considered a "waiver of waiver," which would give us the discretion to review these claims, see Singh v. Ashcroft, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004), we wouldn't do so because the defendant never challenged the district court's third independent basis.

Additionally, the district court did not err in requiring the defendant to undergo at least two drug tests in its written judgment because it didn't directly conflict with its oral sentence requiring "periodic drug testing . . . not to exceed eight tests per month." Cf. United States v. Hicks, 997 F.2d 594, 597 (9th Cir. 1993) (remanding to conform the written judgment to the oral sentence where "there [was] a direct conflict").

We remand to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b).  See United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir. 2000) (remanding to delete erroneous reference to section 1326(b)); see also United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir. 2000).

**AFFIRMED; REMANDED TO CORRECT JUDGMENT**