**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK ABU-EAD,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　　　Respondent. | No. 07-71929<br><br>Agency No. A079-653-032<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

　　Jack Abu-Ead, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' final order of removal dismissing his appeal of an

immigration judge's decision denying his application for asylum and withholding

of removal. We deny the petition.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

To qualify for asylum relief, an applicant must show that he is unable or unwilling to return to his home country "'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003) (quoting 8 U.S.C. § 1101(a)(42)(A)). We review for substantial evidence the BIA's determination that a petitioner has not demonstrated eligibility for asylum. *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). To prevail under this standard, a petitioner "must show that the evidence not only supports, but compels the conclusion that [the BIA's] findings and decisions are erroneous." *Id*.

Abu-Ead has not met his burden. The evidence does not compel a conclusion that he was persecuted or has a well-founded fear of future persecution on account of his religion.[1] Because Abu-Ead fails to satisfy the lower burden of proof required for asylum, he also necessarily fails to establish eligibility for withholding of removal. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). Finally, because the BIA did not decide whether the immigration judge erred in

---

[1] In his petition for review, Abu-Ead does not challenge the BIA's decision that was not persecuted on account of political opinion as a result of "whistleblowing" activities. Nor does he challenge the BIA's denial of relief under the Convention Against Torture. As a result, both issues are waived. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

finding that Abu-Ead was not a credible witness, we do not reach that issue here.

*See Sowe v. Mukasey*, 538 F.3d 1281, 1285 n.4 (9th Cir. 2008).

Petition **DENIED**.