**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO ARGUETA-CHAVARRIA, AKA Jose Argueta, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-73792 <br><br> Agency No. A201-174-433 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2019[**]
San Diego, California

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

Jose Antonio Argueta-Chavarria, a native and citizen of El Salvador, seeks

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from the decision of an Immigration Judge ("IJ") denying him asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA did not err in concluding that Argueta does not qualify for the "extraordinary circumstances" exception to the one-year filing deadline for asylum. *See* 8 U.S.C. §§ 1158(a)(2)(B) (stating that an asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States"), 1158(a)(2)(D) (providing an exception to the one-year bar if the applicant "demonstrates . . . extraordinary circumstances relating to the delay"). Argueta argues that he qualifies for the exception because he did not know about the deadline and lacked the resources to become familiar with immigration law. However, ignorance of the law is insufficient to establish extraordinary circumstances. *See Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). And despite Argueta's contention, *Cheek v. United States*, 498 U.S. 192 (1991), "did not purport to speak to the *mens rea* requirement of other federal statutes where willfulness is not an element of the crime." *United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992).

2. The BIA also did not err in determining that Argueta failed to establish eligibility for withholding of removal. For starters, substantial evidence supports the BIA's conclusion that the harm he suffered did not rise to the level of persecution. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1118 (9th Cir. 2004) (stating

the standard of review). Argueta's single beating by the Mara Salvatrucha gang and subsequent harassment and threats, while serious and regrettable, do not compel the conclusion that he suffered past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (explaining that harassment and "one incident of physical violence" are not "so severe as to compel a finding of past persecution," especially where "there is no evidence indicating that the incident was officially sponsored").

Moreover, Argueta did not present sufficient evidence that he is a member of a particular social group comprised of "young men who have presented statements to the police against the gangs or have taken concrete steps opposing the gangs." Although this court has left the door open for "persons taking concrete steps to oppose gang membership and gang authority" to constitute a particular social group, "the agency must make a case-by-case determination as to whether the group is recognized by the particular society in question." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). Here, the BIA performed the required evidence-based inquiry and concluded that Argueta did not provide any evidence about whether Salvadoran society would recognize his proposed group "as a discrete class of persons." *Reyes v. Lynch*, 842 F.3d 1125, 1134 (9th Cir. 2016) (citation omitted). Thus, Argueta failed to show that his proposed social group was

3

"defined with particularity." *Id.* at 1131 (citation omitted).[1]

3.      Finally, substantial evidence supports the BIA's determination that Argueta does not qualify for CAT protection. *See Mashiri*, 383 F.3d at 1118 (stating the standard of review). Argueta has not presented any evidence that he fears severe pain or suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Thus, he has not established that "it is more likely than not" that he would be tortured if removed to El Salvador. 8 C.F.R. § 208.16(c)(2).

      **PETITION FOR REVIEW DENIED.**

---

[1]      Because Argueta's opening brief did not specifically challenge the BIA's conclusions that he failed to establish (1) a clear probability of future persecution or (2) that he was persecuted on account of an anti-gang political opinion, he has waived review of these issues. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). While we still have discretion to reach these issues because the government briefed them, *see id.*, we decline to exercise our discretion here.

4