**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOCORRO ALONSO HERMOSILLO,
AKA Socorro Hermosillo-Adame,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No. 19-70599

Agency No. A087-183-625

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Socorro Alonso Hermosillo is a citizen of Mexico and a lawful permanent

resident of the United States. The Department of Homeland Security ("DHS")

charged Hermosillo as removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

connection with his misdemeanor domestic violence conviction. He appeals from a Board of Immigration Appeals ("BIA") decision discretionarily denying his application for cancellation of removal under 8 U.S.C. § 1229b(a). We "lack[] jurisdiction to review the merits of a discretionary decision to deny cancellation of removal," *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019), but may consider constitutional questions and questions of law raised in connection with petitions for review. 8 U.S.C. § 1252(a)(2)(B), (D).

Hermosillo first argues that his due process rights were violated because in argument before the Immigration Judge ("IJ") the DHS attorney quoted what appeared to be scripture to suggest that Hermosillo's religion condoned violence.[1] *See Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010). Although use of the quotation was inappropriate, we conclude there was no prejudice because nothing in the record indicates that the IJ relied on the quotation in rendering his decision. *Id.* (internal quotation marks omitted) (demonstrating prejudice requires showing "that the outcome of the proceeding may have been affected by the alleged violation"). Hermosillo's alternative argument—that under *Sanchez v. Sessions*, 904 F.3d 643 (9th Cir. 2018), he need not demonstrate prejudice—was not raised

---

[1] We note that the quote is actually from PULP FICTION (Miramax 1994), and not the Bible.

in his opening brief and was therefore waived. *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

Second, Hermosillo argues that the IJ erroneously applied the more stringent standard for cancellation of removal for non-lawful permanent residents under 8 U.S.C. § 1229b(b)(1), instead of the standard for lawful permanent residents set out in 8 U.S.C. § 1229b(a). He also alleges that the BIA failed to address this claim on appeal. Neither argument has merit. A review of the proceedings and the IJ's opinion demonstrates that the IJ explicitly applied the correct standard under 8 U.S.C. § 1229b(a), and merely attached to Hermosillo's file a form addendum stating the incorrect standard. The BIA expressly addressed this claim on appeal and concluded there was no error.

Third, Hermosillo argues that the BIA erred by assigning his appeal to a single-member rather than a three-member panel. The BIA appropriately assigned the appeal to a single-member panel. The relevant regulation permits, but does not require, review by a three-member panel when certain factors are present. *See* 8 C.F.R. § 1003.1(e)(6) (emphasis added) ("[c]ases *may* only be assigned for review by a three-member panel if the case presents one of these circumstances. . .").

Finally, Hermosillo argues that the IJ failed to consider or weigh

3

appropriately a number of factors relevant to cancellation of removal.  But the agency considered the relevant factors, including the hardship to Hermosillo and his family, and we otherwise lack jurisdiction to review its discretionary decision to deny cancellation of removal.  *Szonyi*, 942 F.3d at 896–97.  Accordingly, we dismiss this part of Hermosillo's petition for review.

The petition is DENIED in part and DISMISSED in part.