**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERICK ANIBAL VILLALTA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-71208

Agency No. A208-836-650

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2022[**]
Pasadena, California

Before: SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Erick Villalta, a native and citizen of El Salvador, petitions for review of a

Board of Immigration Appeals ("BIA") order affirming an Immigration Judge's

("IJ") denial of his application for withholding of removal and relief under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion "whether the BIA applied the correct legal standard" in determining that the petitioner committed a "particularly serious crime," including whether the agency relied on the "appropriate factors and proper evidence." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (citation and internal quotation marks omitted). We review for substantial evidence the agency's denial of CAT relief. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, we must accept the agency's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where, as here, the BIA has conducted a de novo review of the record and the law, our review is generally limited to the BIA's own decision, except to the extent its decision incorporates the IJ's reasoning. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

We deny the petition for review.

## I

The agency did not abuse its discretion in finding that Villalta had committed a "particularly serious crime," and was therefore statutorily ineligible

for withholding of removal.[1]  *See* 8 U.S.C. § 1231(b)(3)(B)(ii).  The IJ cited the relevant legal standard articulated in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), and correctly applied that standard as it has been subsequently modified.  *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678–80 (9th Cir. 2010) (requiring the IJ consider the nature of the conviction, its underlying facts, and the sentence imposed, but noting the IJ no longer needs to make a separate finding that the petitioner is a danger to the community).

In applying this standard to conclude that Villalta's conviction under California Penal Code section 237.5 was a "particularly serious crime," the IJ did not abuse her discretion when she did not mention that Villalta had been released on bond from Department of Homeland Security custody; that fact falls outside of the ambit of information an IJ is *required* to consider under *Matter of Fentescu*.  *See id.*  To the extent that Villalta also asks us to "reweigh" other evidence that the IJ already identified and analyzed, we lack jurisdiction to do so.  *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).

---

[1] Although Villalta did not challenge the IJ's "particularly serious crime" finding in his appeal to the BIA, the BIA's sua sponte discussion of this issue was sufficient to preserve our jurisdiction over it.  *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc).  We exercise our discretion to review the merits of this determination—despite the government's failure to argue it in its answering brief—because Villalta fully briefed this issue in his petition for review.  *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

## II

We also deny Villalta's petition for review as to the BIA's dismissal of his CAT claim. Substantial evidence supports the agency's determination that he failed to show he is more likely than not to be tortured by or with the acquiescence of the El Salvadoran government, given that Villalta did not prove that he has been tortured in the past; Villalta himself has not been threatened or harmed since he left El Salvador more than fifteen years ago; none of his past incidents of mistreatment were reported to authorities in El Salvador; and there is evidence in the record that El Salvador is taking steps to reduce police corruption. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016) ("We have reversed agency determinations that future torture is not likely only when the agency failed to take into account significant evidence establishing government complicity in the criminal activity."). In short, the record does not compel a conclusion contrary to the agency's. *See* 8 U.S.C. § 1252(b)(4)(B).

**PETITION DENIED.**