**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN FIGUEROA-DE DIOS,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.    18-72294<br><br>Agency No. A096-235-070<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022[**]
San Francisco, California

Before:  CLIFTON and M. SMITH, Circuit Judges, and REISS,[***] District Judge.

Petitioner Juan Figueroa-De Dios, a native and citizen of Mexico, seeks

withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and deferral of removal

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]    The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

pursuant to the Convention against Torture (CAT). The parties are familiar with the facts, and so we do not recount them here. We dismiss the petition for review for lack of jurisdiction.

Petitioner raises one issue on appeal, that the immigration judge (IJ) and Board of Immigration Appeals (BIA) overlooked his claim of persecution based on his indigenous ancestry. We lack jurisdiction to review this claim because we have jurisdiction only when the petitioner has exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). Figueroa has not exhausted his administrative remedies here because he did not raise this issue to the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner . . . exhausted only those issues he raised and argued in his brief before the BIA."). In his brief to the BIA, he argued only that he is a member of a particular social group related to witnessing crime and that he has a well-founded fear of returning to Mexico because he witnessed the murder of his cousin and those responsible for the murder had sent him death threats. Figueroa did not even mention his indigenous ancestry before the BIA and has not raised on appeal any exhausted issue that we might have jurisdiction to review.

Although he references the IJ and BIA's denial of CAT protection, Figueroa presents no arguments to us on why he is entitled to CAT protection or how the IJ and BIA erred in denying him this protection. Figueroa has, therefore, waived any

2

challenge to the denial of CAT protection.  *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED.**