NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCELINO RAMIREZ MARTINEZ, | No. 20-72907 |
| Petitioner, | Agency No. A088-761-482 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2022**
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,*** District Judge.

Petitioner Marcelino Ramirez Martinez ("Ramirez Martinez"), a native and

citizen of Mexico, petitions for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

("BIA") denial of his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition in part and dismiss it in part.

**1.** Ramirez Martinez argues that the BIA abused its discretion by denying his untimely motion to reopen. We disagree. A petitioner must file a motion to reopen within ninety days of the entry of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). If a motion to reopen is untimely filed, the filing deadline may be equitably tolled if the petitioner was "prevented from filing because of deception, fraud, or error, as long as [he] acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). The BIA found that Ramirez Martinez did not act diligently in pursuing his motion to reopen. On appeal, he does not address the BIA's due diligence finding and has consequently waived any challenge to it. *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). Because Ramirez Martinez's lack of diligence precludes any claim for equitable tolling, the BIA did not abuse its discretion by denying Ramirez Martinez's motion to reopen. *Bonilla*, 840 F.3d at 583–84.

**2.** Ramirez Martinez further argues that the BIA erred in denying his request for sua sponte reopening. We have jurisdiction "to review Board decisions

2

denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Id.* at 588. Ramirez Martinez does not argue before this court that the BIA made a legal or constitutional error in its denial. Accordingly, we lack jurisdiction to review Ramirez Martinez's challenge to the BIA's denial of his request for sua sponte reopening and therefore dismiss it.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**