NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO TULIO RENTERIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-73585

Agency No. A091-739-170

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2023
Pasadena, California

Before:  CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,[**] District Judge.

Marco Tulio Renteria, a native and citizen of Mexico, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's order denying his applications for cancellation of removal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. However, our review is limited to "constitutional claims or questions of law" because the petition challenges the agency's denial of discretionary relief. § 1252(a)(2)(B)(i), (a)(2)(D). Reviewing such questions de novo, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), we deny the petition.

1.      Renteria first argues that the immigration court lacked jurisdiction over his removal proceedings because the Notice to Appear ("NTA") that he received did not list the time, date, and place of his hearing. *See* 8 U.S.C. § 1229(a)(1)(G)(i); 8 C.F.R. § 1003.14(a). That argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023), which held that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." 39 F.4th at 1188. Although the NTA here also omitted the location of Renteria's hearing, that distinction does not affect the immigration court's jurisdiction. As *Bastide-Hernandez* made clear, neither § 1229(a)(1)(G)(i)'s "statutory definition" of an NTA nor the agency's regulations concern the jurisdiction of the immigration court to conduct removal proceedings. *Id.* at 1192; *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (finding "no error in the BIA's determination that the lack of time, date, and place in the NTA . . . did not deprive the immigration court of jurisdiction").

2. We do not reach Renteria's contention that the BIA incorrectly applied the "exceptional and extremely unusual hardship" standard in finding him ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(D), because the BIA's determination—which Renteria has not challenged—that he does not merit a favorable exercise of discretion was sufficient to deny him relief. *See Patel v. Garland*, 596 U.S. 328, 332 (2022) ("Because relief from removal is always 'a matter of grace,' even an eligible noncitizen must persuade the immigration judge that he merits a favorable exercise of discretion." (quoting *INS v. St. Cyr*, 533 U.S. 289, 308 (2001))). Moreover, by not addressing the issue in his opening brief, Renteria has waived any challenge to the BIA's determination on discretion. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) (issues not raised in opening brief are deemed waived).

3. Similarly, Renteria has not challenged the BIA's decision affirming the denial of his application for voluntary departure and has thus waived any argument on the issue.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in place until the mandate is issued. The motion for stay of removal is otherwise denied.