
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK LEGASSIE, | No. 11-56108 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01850-ABC-JEM |
| v. | |
| RAYTHEON COMPANY EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE, Administrator of the Raytheon Company Pension Plan for Salaried Employees, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted February 11, 2013[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The appellant raised issues, in briefing and oral argument, that demanded an especially searching examination of the record. The delay in rendering this decision was occasioned by the nature of the record and the necessity of a searching review of it in light of the serious questions raised.

Before: KOZINSKI, Chief Judge, KLEINFELD and SILVERMAN, Circuit Judges.

Mark Legassie appeals from the district court's entry of judgment against him on his claims that Raytheon violated various ERISA notice and disclosure provisions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Legassie's argument that 29 U.S.C. § 1059(a)(1) should be read as referring to termination or a break in *participation* or *credited* service is waived because he did not raise it below. In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir. 1989) ("The rule in this circuit is that appellate courts will not consider arguments that are not 'properly raise[d]' in the trial courts.").

The district court's factual finding that the Raytheon Company Employee Benefits Committee provided Legassie with a summary plan description in 2009 was not clearly erroneous. Furthermore, while 29 U.S.C. § 1024(b)(1) requires the plan administrator to distribute a summary plan description every ten years, or every five years if there is an amendment to the plan, Legassie did not offer any evidence in the district court to support his argument that Raytheon was required to provide him with a summary plan description prior to the one provided in 2009.

2

Thus, the district court did not err in finding that Legassie had not shown that Raytheon violated this provision.

Even assuming that Raytheon violated 29 U.S.C. § 1024(b)(1) by failing to provide the required summary plan descriptions, there is no allegation, let alone evidence of, "any intentional misleading or trickery, or of any active concealment," so the district court correctly concluded that Legassie's requested equitable relief is not appropriate. See Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1076 (9th Cir. 2005).

The district court did not clearly err in finding that Raytheon provided electronic plan funding notices, as provided for by 29 C.F.R. § 2520.104b-1. Furthermore, the district court did not abuse its discretion in refusing to consider Legassie's argument that the electronic distribution was not reasonably calculated to ensure actual receipt of the notices because Legassie did not raise this argument until his response to Raytheon's Rule 60(b) motion. See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).

In any event, the record shows that Raytheon emailed its employees, including Legassie, instructions on how to access the funding notices required by 29 U.S.C. § 1021(f)(1). Legassie's declaration and attached exhibits reveal that he was looking for the funding notice on the wrong section of the benefits website.

Finally, the district court's finding that Legassie received the pension benefit statements required under 29 U.S.C. § 1025(a)(1)(B)(i) in the years 2006, 2008, and 2009 is not clearly erroneous. Legassie's argument that these statements were not in compliance with the requirements of the statute because of their inaccuracies is waived because he did not raise it in his complaint, at trial or in his opening brief on appeal. Delgado-Hernandez v. Holder, 697 F.3d 1125, 1126 n.1 (9th Cir. 2012) (per curiam) ("Issues not raised in an appellant's opening brief are typically deemed waived.") (quoting Singh v. Ashcroft, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004)).

**AFFIRMED**.