NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SILIA BETZABE RAMIREZ-GARCIA, | ) ) ) | Nos. 15-71480 15-71809 |
| Petitioner, | ) ) | Agency No. A097-559-607 |
| v. | ) ) | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**
San Francisco, California

Before: FERNANDEZ and McKEOWN, Circuit Judges, and BENITEZ,*** District
Judge.

Silia Ramirez-Garcia, a native and citizen of Mexico, petitions for review of

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

***The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of her motion for termination of proceedings,[1] her application for withholding of removal,[2] and her application for Convention Against Torture[3] (CAT) relief.[4] She also petitions for review of the BIA's dismissal of her appeal from the IJ's denial of her motion for reconsideration.[5] We deny the petitions in part and dismiss for lack of jurisdiction in part.

(1)     Ramirez claims that proceedings should have been terminated on the basis that she was entitled to United States citizenship because her father had become a citizen. However, in her appeal to the BIA she failed to develop the issue in her brief, as a result of which it deemed her appeal abandoned in that respect. The record supports that determination. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam); *Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004). Thus, we lack jurisdiction to consider that claim. *See*

_____

[1]8 C.F.R. § 1239.2(f).

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[4]Appeal No. 15-71480. Ramirez does not seek review of the denial of her application for asylum.

[5]8 C.F.R. § 1003.23(b)(1), (2); *see also* 8 U.S.C. § 1229a(c)(6).

*Abebe*, 554 F.3d at 1208.

(2)    A determination by the BIA that an alien is not eligible for withholding of removal or CAT relief "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992); *see also Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010). Its determination "can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to" come to the opposite conclusion. *Elias-Zacarias*, 502 U.S. at 481, 112 S. Ct. at 815. When an alien seeks to overturn the BIA's adverse determination, the alien "must show that the evidence [she] presented was so compelling that no reasonable factfinder could fail to find" in her favor. *Id.* at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason for any stated disbelief'" must be offered. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004); *see also Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir. 2001) (per curiam).

Here the BIA's decision regarding Ramirez's credibility is supported by

3

substantial evidence.[6]  It properly noted the inconsistency in her stories regarding her involvement in the drug crime for which she had been convicted.[7]  It also noted the amount of drugs involved and her pecuniary purpose.  Thus, the BIA did not err when it determined that she had been convicted of a particularly serious crime,[8] especially in light of the "strong presumption that drug trafficking offenses are particularly serious crimes."[9]  Thus, Ramirez was not eligible for withholding of removal.

Moreover, the evidence in the record does not compel a determination that it is more likely than not that Ramirez would be tortured in Mexico.  Thus, she is not entitled to CAT relief.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

---

[6]We note that in some respects the BIA seems to have adopted the reasoning of the IJ and in others it contributed its own reasoning.  We have, therefore, reviewed both decisions.  *See Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013); *see also Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014); *cf. Malhi v. INS*, 336 F.3d 989, 992 (9th Cir. 2003).

[7]The fact that some hearsay was relied upon was not fatal; that evidence was reliable and could be considered.  *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006).

[8]*See* 8 U.S.C. § 1231(b)(3)(B)(ii); *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 677–78 (9th Cir. 2010); *In re N–A–M–*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007).

[9]*Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007); *see also Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008);

(3)    The BIA did not err[10] when it determined that the IJ had properly denied the motion for reconsideration;[11] as it indicated, the evidence she pointed to did not undermine the adverse determinations properly made by the IJ and the BIA in their original decisions.[12]

Petition DISMISSED in part, and DENIED in part.

---

[10] *See Edu v. Holder*, 624 F.3d 1137, 1142 n.4 (9th Cir. 2010)*; Sembiring v. Gonzales*, 499 F.3d 981, 983–85 (9th Cir. 2007)*; Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002); *see also United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc).

[11] *See* 8 C.F.R. § 1003.23(b)(2); *see also* 8 U.S.C. § 1229a(c)(6).

[12] *See Najmabadi v. Holder*, 597 F.3d 983, 990, 992–93 (9th Cir. 2010).