**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ARACELI TORRES VALDIVIA, | No.　15-73499 |
| Petitioner, | Agency No. A200-973-357 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2019**
Pasadena, California

Before:　BERZON, R. NELSON, and BADE, Circuit Judges.

Petitioner Maria Araceli Torres Valdivia seeks review of the Board of

Immigration Appeals's decision to deny her request for withholding of removal or,

in the alternative, relief under the Convention Against Torture.  We grant her

petition with respect to her request for withholding of removal, and deny her

---

\* 　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* 　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition with respect to the claim under the Convention Against Torture.

Because the BIA conducted its own review of the evidence and law in this case, "our review is limited to the BIA's decision." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). We review the BIA's factual findings for substantial evidence and its legal determinations de novo. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087 (9th Cir. 2013) (en banc); *see also Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

1. The BIA held that Torres was not eligible for withholding of removal because Torres's asserted particular social group, "all women in Mexico," lacks particularity and is not socially distinct. We conclude that the court's reasoning is legally erroneous under the BIA's and this circuit's precedents.

The BIA first concluded that "all women in Mexico" lacks particularity because this group "could include persons of any age or background." We have already rejected this line of reasoning in a nearly identical context. *See Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010); *see also Mohammed v. Gonzales*, 400 F.3d 785, 797 (9th Cir. 2005); *Ticas-Guillen v. Whitaker*, 744 F. App'x 410, 410 (9th Cir. 2018). "[T]he size and breadth of a group alone does not preclude a

2

group from qualifying as [a particular] social group." *Perdomo*, 611 F.3d at 669. Indeed, both the BIA and our court have recognized that particular social groups can include people of a range of ages and backgrounds. For example, we have held that former police officers, landowners, and gay men could each constitute a particular social group. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1165 (9th Cir. 2017); *Cordoba v. Holder*, 726 F.3d 1106, 1114 (9th Cir. 2013), *Karouni v. Gonzales*, 399 F.3d 1163, 1172 (9th Cir. 2005); *see also Perdomo*, 611 F.3d at 668–69. So too has the BIA. *See Matter of Toboso-Alfonso*, 20 I. & N. Dec. 819, 822–23 (BIA 1990); *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985).

The BIA's second reason for rejecting Torres's asserted particular social group fares no better. The BIA determined that "all women in Mexico" was not a socially distinct group because "nothing in the record shows that *women who fear violence in Mexico* are perceived, considered, or recognized by Mexican society to be a distinct social group" (emphasis added). But Torres did not contend that "women who fear violence in Mexico" are a particular social group; she maintained that "*all* women in Mexico" are a particular social group. A conclusion that there was not evidence that women in Mexico who fear violence are socially distinct does not support a conclusion that "all women in Mexico" are not socially distinct.

Because the BIA failed to provide adequate reasons for determining that

3

Torres had not demonstrated that "all women in Mexico" was a cognizable social group, we grant the petition as to Torres's claim for withholding of removal and remand to the BIA for further proceedings consistent with this decision.[1] *See, e.g.*, *Cordoba*, 726 F.3d at 1117; *Perdomo*, 611 F.3d at 669.

2. We deny relief as to Torres's claim under the Convention against Torture. Substantial evidence supports the conclusion that Torres had not shown that it was more likely than not that she would be tortured if she returned to Mexico.

3. Torres's opposed motion to dismiss for lack of jurisdiction or in the alternative motion to remand (Docket Entry No. 24) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) (initial notice to appear need not include time and date to vest jurisdiction in immigration court).

**The petition for review is GRANTED in part and DENIED in part.**

---

[1] Torres's counsel provided grossly inadequate briefing in this case. As the government identified, this briefing was likely plagiarized from an amicus brief in an unrelated Third Circuit case. We nonetheless exercise our discretion to review the BIA's determination that Torres did not identify a cognizable particular social group. "[T]he government briefed [this issue], and thus suffers no prejudice from [Torres's] failure to properly raise the issue." *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n. 3 (9th Cir.2004).