NOT FOR PUBLICATION

FILED

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDY MIGUEL SOLARES-AGUILAR, | No.    16-71255 |
| Petitioner, | Agency No. A206-772-402 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and CARDONE,[***] District Judge.

Petitioner Fredy Solares-Aguilar, a citizen of Guatemala, petitions for

review of the decision of the Board of Immigration Appeals (BIA) dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

appeal of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. "We review for substantial evidence the [agency's] factual findings." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id.* at. 1241–42. We deny the petition for review.

1.     The agency did not err in concluding that Solares-Aguilar's proposed particular social group of "Guatemalan child who has been subjected to physical harm and emotional trauma by his teachers at school, and who suffered threats after notifying the government" was not cognizable. To demonstrate membership in a cognizable particular social group, an applicant must show that "'the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

Substantial evidence supports the BIA's determination that the proposed social group lacks social distinction because there is no "evidence showing that society in general perceives, considers, or recognizes persons sharing the particular

2

characteristic to be a group." *See Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (citations omitted) (internal quotation marks omitted).

2. Solares-Aguilar waived any challenge to the IJ's denial of relief under the CAT because he failed to meaningfully raise such a claim in his opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). Moreover, this court would lack jurisdiction over any challenge to the IJ's denial of relief under the CAT because Solares-Aguilar did not challenge the IJ's resolution of this CAT claim on appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1) (stating that this court may review a final order if "the alien has exhausted all administrative remedies available to the alien as of right"); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (holding that § 1252(d)(1) mandates exhaustion and, thus, this court generally lacks jurisdiction over "the merits of a legal claim not presented in the administrative proceedings below").

3. We reject Solares-Aguilar's contention that the BIA erred in streamlining his case because the BIA did not streamline his case.

**PETITION FOR REVIEW DENIED.**

3