NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ABRAHAM LARA FARIAS, | No. 16-72045 |
| Petitioner, | Agency No. A206-411-796 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022**
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and CARDONE,*** District Judge.

Edgar Abraham Lara Farias seeks review of the Board of Immigration

Appeal's ("BIA") dismissal of an Immigration Judge's ("IJ") decision denying his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel granted the parties' joint motion to submit this case on the
briefs and record, without oral argument.

\*\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The agency did not commit reversible error in concluding that Lara Farias is ineligible for asylum. Lara Farias's argument that the agency did not consider the changed circumstances exception to the one-year bar for asylum applications is unavailing because the BIA denied his asylum claim on the merits.[1]

Substantial evidence supports the agency's finding that Lara Farias did not establish past persecution or a well-founded fear of future persecution. Although Lara Farias's mother was subject to extortion attempts in Mexico, she refused to pay on four occasions and no one in the family was harmed as a result.[2] *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (characterizing "unfulfilled threats" as "harassment rather than persecution"). We agree with the agency that

---

[1] The BIA's assertion that Lara Farias did "not contest[]" the IJ's timeliness finding is belied by the record. "As a general rule, the BIA errs if it ignores material issues or arguments raised on appeal . . . ." *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021). But any error here is harmless because the BIA considered the merits of Lara Farias's application. *See id.*

[2] Lara Farias argues that the IJ's finding that his mother identified the extortionists "based on rumors and conjecture" is not supported by the record. We disagree. Although Lara Farias testified that Los Zetas identified themselves when threatening his mother, he also testified that after receiving the threats, his mother "talked to [his] brother-in-law" and "they found out that it was the zetas." Lara Farias testified that he did not know how his brother-in-law confirmed that Los Zetas were the extortionists.

2

the threats related to Lara Farias's cousin are too speculative to constitute persecution. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018). Lara Farias provided only a few details about the threats his family received because of his cousin's cartel involvement. He testified that several members of his extended family were threatened about five months after his cousin's arrest, but he did not know who made the threats or provide additional detail about the substance of the threats. The remaining incidents—which stem from generalized violence in Mexico—do not amount to persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–80 (9th Cir. 2007) (en banc) (holding that "a general, undifferentiated claim" of civil strife "does not render an alien eligible for asylum").

We reject Lara Farias's contention that the agency did not consider the threats against his cousin's family or the killing of his mother's neighbor. The IJ considered Lara Farias's fear based on "reprisals that he believes will be taken against him as a result of his cousin's [cartel-related] activities," and the IJ concluded his fear was speculative. The BIA agreed "that the threats and violence described by [Lara Farias]" were insufficient to show that he is eligible for asylum, and substantial evidence supports this determination. Lara Farias offered no evidence and no explanation on appeal to suggest that he and his mother's neighbor are similarly situated. *See id.* The killing of his mother's neighbor is

3

therefore an example of generalized violence in Mexico, which the agency considered when evaluating his claim.

Lara Farias contends that his lack of contact with members of any drug cartels does not undermine the objective reasonableness of his fear of persecution. We disagree. Lara Farias admitted that the men in his family have not been harmed by the cartel, and that he, himself, has never been threatened or harmed in Mexico. *See Bartolome*, 904 F.3d at 814.

Substantial evidence also supports the agency's conclusion that Lara Farias did not establish a nexus between past persecution, or a well-founded fear of future persecution, and a statutorily protected ground. Lara Farias argues his family is a "particular social group" for purposes of the asylum statute. But even if he is correct, *see Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) (as amended), the continuing safety of his family in Mexico supports the agency's conclusion that Lara Farias failed to establish a well-founded fear of persecution. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Moreover, Lara Farias's "desire to be free from . . . random violence by gang members bears no nexus to a protected ground."[3] *Zetino v. Holder*, 622 F.3d

---

[3] Lara Farias waived any challenge to the agency's denial of his request for withholding of removal by failing to raise the issue in his opening brief. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). But even assuming Lara

4

1007, 1016 (9th Cir. 2010) (as amended).

2. Substantial evidence supports the agency's conclusion that Lara Farias did not establish that he is eligible for CAT relief. Lara Farias has not been harmed, let alone tortured, in Mexico in the past. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). His "generalized evidence of violence and crime in Mexico is not particular to [him] and is insufficient to" constitute torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). The remaining incidents—threats and extortion against Lara Farias's family—do not compel the conclusion that torture is more likely than not to occur. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027, 1029–30 (9th Cir. 2019) (concluding a petitioner did not show it was more likely than not that he would be tortured, even though he received death threats).

Substantial evidence also supports the agency's determination that any torture Lara Farias may experience would not be "inflicted by, or at the instigation of, or with the consent or acquiescence of," the Mexican government. *See* 8 C.F.R. § 1208.18(a)(1). Lara Farias argues that the record contains evidence of "widespread corruption in Mexico," and that there is "no certainty" that the police

Farias challenged the agency's determination, he "has not met the lesser burden of establishing his eligibility for asylum," and thus "he necessarily has failed to meet the more stringent 'clear probability' burden required for withholding of deportation." *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

will protect him from criminal organizations. But, as the agency observed, there is also evidence in the record that shows that the Mexican government is taking steps to combat criminal organizations. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (as amended). Lara Farias also argues that Mexican law enforcement is ineffective, but even if he is correct, "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (as amended).

The petition for review is **DENIED**.