NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MBENG LUTHER MBANWEI,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   18-72057<br><br>Agency No. A209-869-582<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2022[**]
San Francisco, California

Before: GRABER, McKEOWN, and M. MURPHY,[***] Circuit Judges.

Mbeng Mbanwei seeks review of the Board of Immigration Appeals' ("BIA")

decision dismissing his appeal of the Immigration Judge's ("IJ") denial of asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). "When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning," *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), we review "the reasons explicitly identified by the BIA" and "the reasoning articulated in the IJ's oral decision in support of those reasons," *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citation omitted). We deny the petition for review.

Because his opening brief does not respond to the agency's specific findings at all, Mbanwei—who is proceeding with counsel—has waived the arguments undergirding his challenge to those findings. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (internal citation omitted)).

The IJ found Mbanwei to be credible but determined that he had failed to demonstrate the requisite level of "persecution" or show that his experiences occurred on account of one of the statutorily protected grounds. The BIA adopted the IJ's findings and dismissed Mbanwei's appeal on the ground that he failed to meet the requisite level of "persecution." *See Nahrvani v. Gonzales*, 399 F.3d 1148,

2

1153–54 (9th Cir. 2005). Mbanwei's only "argument" with respect to the persecution is just a few conclusory sentences long and entirely fails to address the IJ's specific findings that the police actions Mbanwei described "do not rise to the level of 'extreme' treatment necessary for a finding of persecution," or that "the record does not indicate that [Mbanwei] would be singled out for persecution upon returning to Cameroon, or that there is a pattern of persecution practice towards those similarly-situated to him, i.e., politically active teachers in the northwest region of Cameroon." Mbanwei's bare assertions to the contrary are insufficient to trigger our consideration of the issues. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (internal citation omitted)).

In addition, Mbanwei unambiguously waived any challenge to the denial of withholding or CAT protection by failing to make any argument at all with respect to these denials.

**PETITION DENIED.**