NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN RIVERA-RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72941

Agency No. A206-636-506

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 23, 2023
San Francisco, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BERZON.

Petitioner Edwin Rivera-Ramirez, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an

immigration judge's (IJ) denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT).  We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review for substantial evidence the factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT protection. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). Under this standard, the BIA's findings of fact are conclusive unless the evidence not only supports a contrary conclusion but compels it. *Id*.

1.     Rivera-Ramirez argues that the BIA erred in holding that he failed to demonstrate past persecution.[1] He claims that his past treatment at the hands of gang members and a customer of a store at which he worked—especially the gang's threats to his life if he did not smuggle marijuana into prison and his attempts to comply with their demands—amount to persecution and that the BIA's contrary conclusion violated this court's precedent.

Persecution is an "extreme concept," and "does not include every sort of treatment our society regards as offensive." *Id*. (internal quotation marks and citation omitted). "This means that some circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact

---

[1] Rivera-Ramirez does not challenge the BIA's holding that, absent past persecution, he failed to demonstrate a well-founded fear of future prosecution, so we do not consider that issue here. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

2

that such conditions have caused the petitioners some harm."[2] *Id.* (internal quotation marks and citation omitted). Significant considerations that inform the analysis include "whether the petitioner was subject to significant physical violence," "whether he suffered serious injuries that required medical treatment," and whether the "harm was an isolated incident, or, conversely, part of an ongoing pattern of serious maltreatment." *Id.* at 1061 (internal quotation marks and citations omitted). Threats are also considered. While we "have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment," *id.* at 1062 (citation omitted), "most threats do not rise to the level of persecution," *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005).

Ultimately, whether harm constitutes persecution is a "heavily fact-dependent" analysis and "can be framed as follows: looking at the cumulative

---

[2] The dissent categorizes Rivera-Ramirez's harms as "coerced violations of bodily integrity." The events that befell Rivera-Ramirez are troubling, but the physical harm that he sustained–some external bleeding and accompanying discomfort–does not compel the conclusion that he was persecuted. There is no basis for the dissent's bright-line conclusion that the harm he suffered, notwithstanding the fact that it was self-inflicted based on unfulfilled threats, constitutes persecution by analogizing to forced oral sex, abortion, or the renunciation of religious beliefs or worship. Rivera-Ramirez did not sustain grievous bodily harm, which points away from a finding of persecution. *See Sharma*, 9 F.4th at 1061 ("[W]hen we have granted petitions for review because the record compelled a finding of past persecution, the petitioner often experienced serious physical violence, among other indicators of persecution."); *see also Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (when petitioner "did not require medical treatment," the attack on him was not "so overwhelming so as to necessarily constitute persecution").

3

effect of all the incidents Petitioner has suffered, does the treatment she received rise to the level of persecution?" *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) (internal quotation marks and alterations omitted).

Rivera-Ramirez's alleged harms, while disturbing, do not rise to the level of past persecution. He was not subject to significant physical violence, he did not require medical treatment after attempting to comply with the gang's demands, the threats against his life were never acted on, and he was ultimately left alone after he refused to continue performing tasks for the gang.[3] *See Sharma*, 9 F.4th at 1061; *Villegas Sanchez*, 990 F.3d at 1179.

All cases Rivera-Ramirez cites to support that he was persecuted are easily distinguishable. *See, e.g.*, *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1179 (9th Cir. 2020) (petitioner was raped repeatedly and badly beaten); *Korablina v. INS*, 158

---

[3] The dissent would find that Rivera-Ramirez's harms cumulatively rose to the level of persecution because he suffered "physical harm *plus something more*, such as credible death threats." But this conclusion is undermined by the totality of the record evidence: Even though Rivera-Ramirez was threatened several times, the bulk of the threats received by Rivera-Ramirez were via phone without any confrontation. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (citing *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019): "threats by phone and in person, without acts of violence, did not compel finding past persecution"). This was true even when Rivera-Ramirez ultimately declined to assist the gang with smuggling drugs and another non-physically invasive task. And when Rivera-Ramirez cut all ties with the gang, he suffered no harm or additional threats from them. In fact, he relocated and lived in another part of El Salvador for over two years, which makes the events at issue more like random threats than persecution. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4

F.3d 1038, 1042 (9th Cir. 1998) (petitioner was physically beaten and tied up in a chair with a noose tightened around her neck); *Ahmed v. Keisler*, 504 F.3d 1183, 1188 (9th Cir. 2007) (Bengali army killed petitioner's uncle in front of him and beat him and his brother); *Popova v. INS*, 273 F.3d 1251, 1254–55 (9th Cir. 2001) (petitioner was interrogated and assaulted by police, her grandfather was beaten, her father was sent to hard labor, her home was razed, and her apartment was set on fire). The harm here does not compel the conclusion that Rivera-Ramirez experienced past persecution.[4] Rivera-Ramirez's asylum claim was properly denied.[5]

---

[4] The dissent argues that the agency erred as a matter of law by failing to consider psychological harm because our precedents "do not require severe injuries to meet the serious-harm prong of the past persecution analysis." But the dissent's assertion that the agency erred as a matter of law improperly redefines our proper inquiry. Our review here is for substantial evidence. Under substantial evidence review, we cannot reinterpret the record, reweigh the evidence, or substitute our judgment for that of the agency. *See Singh*, 134 F.3d at 969 n.14 ("[W]e may not reweigh the evidence to determine for ourselves whether Petitioner faced persecution," and "merely determine whether the evidence *compels* such a conclusion."). The question is not whether the agency's decision was the best analysis or even prudent; it is whether the conclusion it drew is supported by substantial evidence. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000) (court cannot "substitute an analysis of which side in the factual dispute we find more persuasive") (quoting *Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir. 1998)).

[5] The dissent lastly points to Rivera-Ramirez's age as a factor pointing towards a finding of persecution. While age may be one relevant factor for the agency to consider, it is not dispositive. And it is certainly not dispositive when here, all other factors combined do not cumulatively point to a finding of persecution. *See, e.g.*, *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045 (9th Cir. 2007) (noting that age "*can* be a critical factor in the adjudication of asylum claims and *may* bear heavily on the question of whether an applicant was persecuted or whether she holds a well-

2.      Because Rivera-Ramirez cannot compel the determination that he is ineligible for asylum, he also cannot establish eligibility for withholding of removal, which carries a higher standard.  *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

3.      Substantial evidence supports the BIA's conclusion that Rivera-Ramirez is not eligible for CAT protection.  Because Rivera-Ramirez's harm in El Salvador did not rise to the level of persecution, "it necessarily falls short of the definition of torture."[6]  *Sharma*, 9 F.4th at 1067; *see also Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is more severe than persecution." (internal quotation marks and citation omitted)).  Moreover, the record does not establish that Rivera-Ramirez was tortured with the acquiescence of public officials.  *See Davila*, 968 F.3d at 1144.

**PETITION DENIED.**

---

founded fear of future persecution.") (quoting *Liu v. Ashcroft*, 380 F.3d 307, 314 (7th Cir. 2004) (emphasis added)).

[6] As with past persecution, Rivera-Ramirez does not argue that, absent a finding of past torture, the record compels a conclusion that it is more likely than not that he will be tortured in El Salvador.

*Rivera-Ramirez v. Garland*, 20-7294

BERZON, Circuit Judge, concurring in part and dissenting in part:

I concur in the denial of Edwin Rivera-Ramirez's petition with respect to his Convention Against Torture claim. I write separately because I would grant the petition as to his asylum and withholding of removal claims. Assuming for the purposes of this case that the applicable standard of review is whether substantial evidence supports the agency's determination, I would hold that the agency erred in determining that the harms Rivera-Ramirez suffered did not amount to persecution. I therefore dissent.

1. The agency committed legal error by concluding that Rivera-Ramirez's harms did not constitute persecution because "the respondent has actually never [been] physically harmed by anyone in El Salvador." Under our case law, coerced violations of bodily integrity or other rights can constitute persecution. "Physical means are but one method of coercion used to force an individual to undergo an involuntary" act. *Ding v. Ashcroft*, 387 F.3d 1131, 1139 (9th Cir. 2004). Thus, a finding of persecution may be based on a showing that the asylum applicant was coerced into performing or submitting to harmful acts. *See, e.g., id.* (recognizing persecution may be based on abortion coerced through threats of job loss or wage reduction, even if no physical restraints were used); *Guo v. Sessions*, 897 F.3d 1208, 1215–16 (9th Cir. 2018) (recognizing persecution may be

1

based on "forcing a petitioner to renounce his beliefs" or "forcing a petitioner to abandon his religious worship"); *see also Hernandez-Montiel v. I.N.S.,* 225 F.3d 1084, 1088, 1097–98 (9th Cir. 2000) (finding persecution where petitioner was forced to perform oral sex to avoid threatened imprisonment), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005), *vacated*, 547 U.S. 183 (2006). Here, through verbal death threats and a pointed gun, as well as a threat of sexual assault, gang members caused Rivera-Ramirez to suffer repeated, painful violations of his bodily integrity. The injuries he suffered may amount to persecution even though they were not inflicted directly by his alleged persecutors.

2.      As a result of the gang members' threats and the coerced physical violations, Rivera-Ramirez suffered intense psychological trauma. The agency erred as a matter of law by failing to consider psychological harm when determining whether Rivera-Ramirez had established past persecution. Our precedents "do not require severe injuries to meet the serious-harm prong of the past-persecution analysis." *Antonio v. Garland*, 58 F.4th 1067, 1074 (9th Cir. 2023) (citation omitted). Instead, "[p]ersecution may be emotional or psychological, as well as physical." *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004); *see also Kovac v. I.N.S.*, 407 F.2d 102, 105–06 (9th Cir. 1969).

3.      Applying the proper legal standards, and considering the harms Rivera-Ramirez suffered cumulatively, *see Flores Molina*, 37 F.4th at 636, I would

2

conclude that under substantial evidence review, the record here compels a finding of past persecution.

A conclusion that the petitioner suffered persecution may be compelled when, as here, the petitioner has suffered "physical harm *plus something more*, such as credible death threats." *Aden v. Wilkinson*, 989 F.3d 1073, 1083 (9th Cir. 2021) (emphasis in original). Not only did Rivera-Ramirez suffer repeated coerced bodily intrusions which bloodied him and caused pain; he also suffered multiple threats to his life and to that of his infant nephew, a threat of sexual assault, and emotional trauma.

The death threats alone were significant. "[T]he frequency, escalation, and seriousness of threats, as well as the fact that persecutors threatened a petitioner in close confrontations . . . , can be sufficient to compel the conclusion that . . . threats rise to the level of persecution." *Antonio*, 58 F.4th at 1073. Here, gang members explicitly threatened Rivera-Ramirez's life on at least four occasions, including two in-person confrontations, one of which was at gun point. They also threatened his infant nephew's life three times. A gang member impliedly threatened Rivera-Ramirez's life a fifth time when he told Rivera-Ramirez's romantic partner that the partner had to cooperate with them if the partner wanted to continue having sexual relations with Rivera-Ramirez.

3

The conclusion that Rivera-Ramirez was persecuted is further compelled when his age is taken into account. He was still a teenager at the time the agency found the events to have occurred. "Age can be a critical factor in the adjudication of asylum claims and may bear heavily on the question of whether an applicant was persecuted." *Singh v. Garland*, 57 F.4th 643, 654 (9th Cir. 2022) (citation omitted). The "harm a child fears or has suffered . . . may be relatively less than that of an adult and still qualify as persecution." *Zhang v. Gonzales*, 408 F.3d 1239, 1247 (9th Cir. 2005) (citation omitted); *cf.* 8 U.S.C. § 1101(b)(1) ("The term 'child' means an unmarried person under twenty-one years of age"); 8 U.S.C. § 1101(c)(1) (same).

\* \* \* \*

In sum, because the agency erred in concluding that Rivera-Ramirez's harms did not rise to the level of persecution, I would remand his asylum and withholding claims for the agency to determine whether he has established the remaining elements of past persecution.

4