NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARINA MARTINEZ-ARGUETA;
ROMEO NOLASCO MARTINEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-720

Agency Nos. A209-864-083
A209-864-084

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 3, 2023**
San Francisco, California

Before: MCKEOWN, CALLAHAN, and LEE, Circuit Judges.

Karina Martinez-Argueta and her minor son, citizens of El Salvador, seek

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of their application for relief. We have jurisdiction

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252, and we deny the petition.

Martinez-Argueta and her son entered the United States in October 2016. In April 2019, she testified before the IJ that she feared returning to El Salvador because gang members threatened her in September 2016.

The IJ denied Martinez-Argueta's application for asylum, withholding of removal, and CAT relief,[1] and ordered her removal to El Salvador. The IJ concluded, among other things, that Martinez-Argueta had not established a nexus between her harmful experiences and a statutorily protected ground, or set forth a legally cognizable particular social group. The BIA affirmed and adopted the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). We thus review the IJ's decision as if it was the BIA's own. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Martinez-Argueta argues that the IJ's social group determination was flawed because the IJ relied on *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), which was later vacated. But even assuming Martinez-Argueta set forth a legally cognizable particular social group under the standard resulting from the vacatur,

---

[1] Martinez-Argueta has not briefed her CAT claim before this court, so she has waived any challenges to it. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").
.

her claim necessarily fails because she has not identified substantial evidence in the record to dispute the IJ's independent and dispositive conclusion that she failed to establish a nexus between her past or possible future harm and a protected ground.

An applicant for asylum or withholding of removal must demonstrate a nexus between the persecution she suffered or fears and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142–43 (9th Cir. 2021); *Barajas-Romero v. Lynch*, 846 F.3d 351, 356–60 (9th Cir. 2017). Harassment from criminals who are motivated by theft, pecuniary gain, or random violence "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021).

Here, the agency concluded that the "gang members were motivated to threaten and harm Respondent because of [a] pecuniary motive, not because of any membership in a particular social group or because of Respondent's religion or religious practices." Martinez-Argueta encountered the gang members twice, and each time they attempted to extort her because they believed she was wealthy.[2]

---

[2] There is an intra-circuit split over whether we review the IJ's nexus determination de novo or for substantial evidence. *See Singh v. Ilchert*, 63 F.3d 1501, 1506 (9th Cir. 1995) (de novo), *superseded by statute on other grounds as stated by Parussimova v. Mukasey*, 555 F.3d 734, 739–40 (9th Cir. 2009); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (substantial evidence). Because Martinez-Argueta's claims fail under either standard, we do not decide here which standard properly applies.

Also, the evidence in the record demonstrates that the gang members would target anyone they believed could pay, regardless of the victim's background. The agency thus did not err in concluding that Martinez-Argueta failed to establish a nexus between her alleged persecution and a protected ground. *Macedo Templos*, 987 F.3d at 883 ("The evidence proves that criminals in Mexico will target anyone they believe can pay, regardless of their victims background or reason for their wealth.").

**PETITION FOR REVIEW DENIED.**