NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FREDDY LOPEZ-HERRERA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-310 <br><br> Agency No. A205-248-868 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Luis Freddy Lopez-Herrera, a native and citizen of Guatemala, timely

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of his application for relief. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Born in Santa Rosa, Guatemala in 1994, Lopez-Herrera moved to Guatemala City to attend school in 2003. Lopez-Herrera testified that, in 2010-2011, he was attacked by MS-13 gang members in Guatemala City on two separate occasions. During the first attack, several men beat him and left him unconscious. During the second attack, he was shot at and a bullet grazed his arm. Neighbors called the police after the first attack, but none showed up. The second incident was not reported to the police, and Lopez-Herrera did not seek medical attention after either attack. Lopez-Herrera fled to the United States in 2012 and testified that he feared continued gang violence if forced to return to Guatemala.

While his immigration proceedings were pending, Lopez-Herrera was involved in an altercation in Los Angeles County, resulting in a conviction under California Penal Code ("CPC") § 245(a)(4) for assault by means likely to produce serious bodily injury. Lopez-Herrera's sentence of five years imprisonment was suspended, and he was placed on probation for three years. During probation, Lopez-Herrera returned to his hometown of Santa Rosa, Guatemala for six months. He testified that while there, he did not face any attacks from gang members because "[i]t's a small town. There's no gang [there]."

The IJ denied Lopez-Herrera's application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT").

The IJ held that Lopez-Herrera was ineligible for asylum and withholding of removal because he was convicted of a "particularly serious crime." *See* 8 U.S.C. § 1158(b)(2)(A)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii), and 8 C.F.R. § 1208.16(d)(2). The IJ further concluded that Lopez-Herrera failed to prove a risk of future torture because he could relocate to Santa Rosa.

On appeal, the BIA affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), but added its own reasoning to address the issues raised on appeal. We thus review "the decision of the BIA and those parts of the IJ's decision upon which it relies." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022) (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019)). Factual determinations made by the IJ and BIA (collectively, "agency") are reviewed for substantial evidence, which requires affirmance unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1217-18 (internal citations omitted).

Before the Ninth Circuit, Lopez-Herrera argues that he is eligible for asylum because the attacks he endured at a young age amount to past persecution. Lopez-Herrera does not, however, challenge the agency's "particularly serious crime" determination. Arguments relating to the merits of his application for asylum and withholding of removal are therefore waived. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Despite Lopez-Herrera's waiver, we note that the IJ mistakenly referred to CPC § 245(a)(1), while Lopez-Herrera was convicted under CPC § 245(a)(4). This mistake was harmless, though, because CPC § 245(a)(4) is also a "crime of violence" for immigration purposes. The prior version of CPC § 245(a)(1)— which we found was a "crime of violence" in *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018)—includes both the crime now located at § 245(a)(4) (assault likely to produce great bodily injury) and the crime of assault with a deadly weapon (which remains in the current version of § 245(a)(1)). A "crime of violence" constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), and an "aggravated felony" constitutes a "particularly serious crime" under the relevant statutes and regulations. 8 U.S.C. § 1231(b)(3)(B)(iv); 8 C.F.R. § 1208.16(d)(3).

Lopez-Herrera also argues that he warrants CAT protection. To be eligible for relief, Lopez-Herrera was required to establish that he "is more likely than not to be tortured" if removed to Guatemala. 8 C.F.R. § 1208.17(a). The agency was required to consider all evidence relevant to the possibility of Lopez-Herrera's likelihood of future torture, including:

> (i) evidence of past torture inflicted upon Lopez-Herrera; (ii) evidence that Lopez-Herrera could relocate to a part of Guatemala where he is not likely to be tortured; (iii) evidence of gross, flagrant, or mass violations of human rights within Guatemala; and (iv) other relevant information regarding conditions in Guatemala.

*See* 8 C.F.R. § 1208.16(c)(3). Substantial evidence supports the agency's denial of Lopez-Herrera's application for CAT relief. After considering the evidence, the agency determined that Lopez-Herrera can relocate to Santa Rosa where he was raised. Lopez-Herrera testified that there were no gangs in Santa Rosa, and that he lived there for six months without incident in 2015. These facts support the agency's determination that Lopez-Herrera is not eligible for relief. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704–05 (9th Cir. 2022).

Lopez-Herrera also argues on appeal that the conditions in Guatemala support his claim for relief because the police did not respond when neighbors called after he was beaten, and a 2016 Guatemala Country Conditions Report confirms the government's inability to protect its citizens. But "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice" to show a government's acquiescence in torture, which is required under 8 C.F.R. § 1208.18(a)(1). *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014)). Moreover, the agency found that the Country Conditions Report—which showed efforts by Guatemalan authorities to minimize violence and human rights abuses—refuted Lopez-Herrera's claim that the Guatemalan government would remain willfully blind to torture, further supporting its determination that Lopez-Herrera is not eligible for CAT relief. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

Finally, the agency determined that Lopez-Herrera did not suffer past torture in part because he "required no medical treatment" and "did not go to the hospital." Because substantial evidence supports the agency's determination that Lopez-Herrera can reasonably relocate to Santa Rosa, we need not consider the agency's suggestion that medical treatment is a prerequisite for a finding of past torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1188 (9th Cir. 2020) (finding a "beating and death threat" as evidence of past torture).

Because substantial evidence supports the agency's conclusion that Lopez-Herrera can relocate to a part of Guatemala where he is not likely to be tortured, and that he would not be tortured by or with the acquiescence of the Guatemalan government, 8 C.F.R. § 1208.16(c)(3)(i), (iv), Lopez-Herrera's petition is **DENIED**.