**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS ISRAEL ROMERO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-599

Agency No.
A206-709-328

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2024[**]
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Douglas Israel Romero, a native and citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals ("BIA") affirming the

denial of his applications for asylum and withholding of removal by an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ").[1]  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Where the BIA affirms the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and offers its own reasoning, we review both decisions. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)).  We review de novo questions of law, including the question of whether a particular social group is cognizable. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).  The agency's factual findings are reviewed for substantial evidence, meaning they "should be upheld 'unless the evidence compels a contrary result.'"  *Id.* (quoting *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016)).

"Both asylum and withholding depend on a finding that the applicant was harmed, or threatened with harm, on account of a protected ground," such as membership in a particular social group ("PSG").  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022).  The IJ and BIA concluded that Romero's proposed PSG of "Salvadoran small business owners fleeing gang violence and extortion for refusing to pay rent money which the government of El Salvador cannot or is not willing to control" is not cognizable because ownership of a small

---

[1] Although Romero argues that he is eligible for relief under the Convention Against Torture ("CAT"), Romero withdrew his CAT claim through counsel at a hearing before the IJ.  Therefore, we do not address that claim.

business is not an immutable or fundamental characteristic. Romero did not specifically challenge this conclusion in his opening brief before this court. Accordingly, Romero waived any challenge to the agency's conclusion that his proposed PSG was not cognizable for lack of immutability. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))).

We may nevertheless exercise our discretion to review the agency's conclusion where "the government briefed it, and thus suffers no prejudice from [petitioner's] failure to properly raise the issue." *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). The agency did not err in concluding that Romero's proposed PSG lacks immutability. "[T]he BIA has defined 'immutable' to mean a characteristic 'that the members of the group either cannot change[] or should not be required to change because it is fundamental to their individual identities or consciences.'" *Plancarte Sauceda*, 23 F.4th at 833 (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 212 (BIA 2014)). While one's chosen profession may be the basis of a cognizable PSG where it involves specialized skills or knowledge, nothing in the record suggests that Romero's ownership of a barbershop involved specialized skills of interest to the gang. *See id.* at 834 (explaining that proposed PSG of "female nurses" could meet immutability requirement, unlike "taxi

3                                                              23-599

drivers," because nursing involves specialized skills that would remain valuable to persecutors, regardless of whether the nurse left her job). Further, while land ownership may be sufficiently immutable to form the basis of a cognizable PSG, this does not extend to business ownership. *Compare Cordoba v. Holder*, 726 F.3d 1106, 1116 n.2 (9th Cir. 2013) (noting that the BIA has long recognized land ownership as a "common, immutable characteristic"), *with Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) ("[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity.").

**PETITION DENIED.**