NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO CESAR AGUIRRE-VARGAS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-3330

Agency No.
A205-706-236

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025[**]
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioner Julio Cesar Aguirre-Vargas ("Aguirre"), a native and citizen of

Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision

dismissing an appeal from an Immigration Judge's ("IJ") denial of Aguirre's

applications for asylum, withholding of removal, and Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review questions of law de novo. *Id.*

1. The BIA properly rejected Aguirre's due-process claim because even though the transcript of the hearing before the IJ contained some untranslated portions, Aguirre has not shown any resulting prejudice. *See, e.g.*, *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) ("As a general rule, an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding." (citations omitted)). One untranslated passage related only to whether Aguirre's asylum application was time-barred, an issue that the government did not contest. With respect to the other untranslated passages, to the extent that they omitted any of Aguirre's testimony, Aguirre had the opportunity elsewhere to provide full answers to the same or similar questions, and the transcript contains translated answers to all those questions. Aguirre fails to "point to any instances of testimony in the … hearing that, had they been properly transcribed, may have affected the outcome" of the proceedings. *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020).

25-3330

2. The BIA did not err when it declined to remand the case based on the IJ's reliance on *Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018). The IJ cited *Matter of A-B-* merely for the proposition that, to establish past persecution, Aguirre bore the burden "of showing that [his] home government was unable or unwilling to control his persecutors." That proposition remains good law. *See Diaz v. Bondi*, 129 F.4th 546, 553 (9th Cir. 2025) ("An applicant alleging past persecution bears the burden to establish that '… the persecution was committed by the government, or by forces that the government was unable or unwilling to control.'" (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010))). Thus, the BIA correctly held that remand based on this issue was unnecessary.

3. Aguirre forfeited all other merits issues by failing to meaningfully raise them in his opening brief. Although Aguirre disputes the BIA's conclusion that he *failed to challenge* the IJ's findings with respect to persecution and nexus to a particular social group, he does not challenge the BIA's additional finding that, on the merits, he failed to demonstrate that he "suffered past persecution or has a well-founded fear of future persecution *on account of a protected ground* (emphasis added)." *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived."). This forfeited nexus issue is dispositive of the asylum and withholding-of-removal claims. *See, e.g., Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *Singh v. INS*, 134

F.3d 962, 971 (9th Cir. 1998).  And Aguirre's failure to challenge the denial of CAT relief renders that issue forfeited as well.  *See Singh v. Ashcroft*, 361 F.3d at 1157 n.3.

**PETITION DENIED.**